# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD C. ANGINO, ALICE K. ANGINO, ANGINO LAW FIRM, P.C., KING DRIVE CORP.,** | : : : : | CIVIL ACTION NO. 1:19-CV-1618 |
| **Plaintiffs** | : : | (Chief Judge Conner) |
| v. | : : | |
| **BRANCH BANKING AND TRUST COMPANY,** | : : : : | |
| **Defendant** | : | |

## **ORDER**

AND NOW, this 22nd day of November, 2019, upon consideration of plaintiffs' motion (Doc. 12) to strike defendant's motion (Doc. 11) to dismiss and to strike, and the court noting that defendant's motion to dismiss and to strike was filed on November 18, 2019, and that under this court's local rules defendant has until December 2, 2019, to file a brief in support, see LOCAL RULE OF COURT 7.5, and the court further observing that defendant cites the specific sections of Rule 12 on

which it relies, (see Doc. 11 at 1), it is hereby ORDERED that plaintiffs' motion (Doc. 12) to strike is DENIED without prejudice.[1]

                                                /S/ CHRISTOPHER C. CONNER
                                                Christopher C. Conner, Chief Judge
                                                United States District Court
                                                Middle District of Pennsylvania

---

[1] Plaintiffs' reliance on Martinez v. Trainor, 556 F.2d 818 (7th Cir. 1977), is misplaced. Not only is that case over four decades old and nonbinding on this court, but it also concerns a motion under Federal Rule of Civil Procedure 59(e) and jurisdictional time limitations for appeal. See Martinez, 556 F.2d at 820-21. Rule 59(e) involves finality of judgments and provides a strict time period for motions to alter or amend them. See FED. R. CIV. P. 59(e); Wiest v. Lynch, 710 F.3d 121, 127 (3d Cir. 2013). The time for filing a motion under Rule 59(e), moreover, cannot be extended by the district court. See FED. R. CIV. P. 6(b)(2). Rule 12 motions rarely, if ever, implicate finality of judgments or time limits for appeal, so we are not concerned with defendant filing a supporting brief after timely filing its Rule 12 motion (so long as that brief is filed within the time allotted by the local rules). Defendant's Rule 12 motion and to-be-filed brief are akin to a motion to extend time, which this court may grant in its discretion. See FED. R. CIV. P. 6(b)(1).